2010-29116
FILED
April 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002547239

Peter Cianchetta;  220971  *[Name; State Bar ID no.]*
8830 Elk Grove Blvd.  *[Address]*
Elk Grove, CA 95624-1811
916-685-7878  *[Telephone]*
Attorney for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

In re  )
  )
William Petersen  )
Traci Petersen  )  Case No.
  )
  Debtor(s).  )

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities.  It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful.  Debtors should also know that they may expect certain services to be performed by their attorney.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, absent a contrary court order, debtors and their attorneys agree as follows:

### BEFORE THE CASE IS FILED

**The debtor agrees to:**
1. Provide the attorney with accurate financial information.
2. Discuss with the attorney the debtor's objectives in filing the case.

**The attorney agrees to:**
1. Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.
2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

4. Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
5. Explain to the debtor how the attorney's fees and Trustee's fees are paid and provide an executed copy of this document to the debtor.
6. Explain to the debtor that the plan payment must be made to the Trustee on the twenty-fifth day of each month beginning the month after the petition is filed.
7. Advise the debtor of the requirement to attend the 341 Meeting of the Creditors, and instruct the debtor as to the date, time and place of the meeting.
8. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
9. Timely prepare and file the debtor's petition, plan, motions to value collateral, motions to avoid liens, statements, and schedules.

## AFTER THE CASE IS FILED

**The debtor agrees to:**
1. Keep the Trustee and attorney informed of the debtor's address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3. Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
4. Let the attorney know if the debtor is sued during the case.
5. Inform the attorney if any tax refunds are seized or not returned to the debtor by the IRS or Franchise Tax Board.
6. Contact the attorney before buying, refinancing, or selling real or personal property with a value of $1,000 or more, before incurring new debt exceeding $1,000.
7. Pay any filing fees and expenses that may be incurred directly to the attorney.

**The attorney agrees to provide the following legal services:**
1. Timely serve the debtor's petition, plan, statements, and schedules on the chapter 13 trustee.
2. Timely serve the debtor's plan and motions to value collateral and motions to avoid liens together with the notice of hearing required by paragraph 3(b) of General Order 05-03.
3. Appear at the 341 Meeting of Creditors with the debtor.
4. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
5. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.
6. Prepare, file and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
7. Prepare, file, and serve necessary motions to buy, sell, or refinance property when appropriate.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

8. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
9. Represent the debtor in motions for relief from stay.
10. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property and to value the collateral of secured creditors.
11. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

The fee charged for a chapter 13 bankruptcy is a matter for negotiation between the attorney and the debtor. While the court's "Guidelines for Payment of Attorneys Fees in Chapter 13 Cases" permit an initial fee of up to $3,500.00 in nonbusiness cases, and $5,000.00 in business cases, lesser fees may be negotiated. These initial fees may be paid, in whole or in part, directly by the debtor prior to the filing of the petition. To the extent not paid by the debtor before the filing of the petition, the fees must be paid through the plan by the Trustee.

Initial fees charged in this case are $ __3,500.00__ , and of this amount, $ __879.00__ was paid by the debtor before the filing of the petition. While this initial fee should be sufficient to fairly compensate counsel for all preconfirmation services and most post-confirmation services, where substantial and unanticipated post-confirmation work is necessary, the attorney may request the court to approve additional fees. If additional fees are approved, they shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor.

| | | |
|---|---|---|
| DATED: | **April  9, 2010** | **/s/ William Petersen** |
| | | **William Petersen** |
| | | Debtor |
| DATED: | **April  9, 2010** | **/s/ Traci Petersen** |
| | | **Traci Petersen** |
| | | Joint Debtor |
| DATED: | **April  9, 2010** | **/s/ Peter Cianchetta** |
| | | **Peter Cianchetta 220971** |
| | | Attorney for Debtor(s) |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037         Best Case Bankruptcy