

**CTUS**

# FILED

JUN – 4 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

Name of Debtor:  **William Petersen**
                **Traci Petersen**

Case No.  **2010-29116**

Last four digits of Soc. Sec. No.:  **xxx-xx-2993**
Last four digits of Soc. Sec. No.:  **xxx-xx-5369**

### CHAPTER 13 PLAN - AMENDED
### ■ MOTION(S) TO VALUE COLLATERAL AND □ MOTION(S) TO AVOID LIENS
*[check if motion(s) appended]*

THIS PLAN AND THESE MOTIONS WILL BE CONSIDERED FOR CONFIRMATION AND APPROVAL AT A
COURT HEARING. YOU WILL BE NOTIFIED OF THE HEARING DATE, TIME, LOCATION, AND THE
DEADLINE FOR FILING AND SERVING WRITTEN OBJECTIONS. IN THE ABSENCE OF A TIMELY
OBJECTION, THE COURT MAY DISPENSE WITH THE HEARING.

Debtor proposes the following Chapter 13 Plan effective from the date it is confirmed:

### Section I. Summary of Relevant Financial Information

| | | |
|---|---|---:|
| 1.01. | Annualized current monthly income under section 1325(b)(4), Line 15, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Statement of CMI"). | $ 90,106.08 |
| 1.02. | Annualized current monthly income under section 1325(b)(3), Line 21, Statement of CMI. | $ 90,106.08 |
| 1.03. | Applicable median family income, Line 16, Statement of CMI. | $ 86,694.00 |
| 1.04. | Monthly net income from Line 20c of Schedule J. | $ 103.04 |
| 1.05. | ***check applicable box and insert appropriate dollar amount*** | |
| | ■ If annualized current monthly income is greater than applicable median family income, projected monthly disposable income from Line 59 Statement of CMI. | |
| | - *or* - | |
| | □ If annualized current monthly income is equal to or less than applicable median family income, projected monthly disposable income calculated without reference to section 707(b)(2)(A) & (B). | $ -1,996.12 |
| 1.06. | The amount entered at section 1.05 multiplied by the commitment period (section 2.03). | $ -119,767.20 |
| 1.07. | The total amount that would be paid to unsecured, nonpriority claims if the estate of Debtor were liquidated under chapter 7 of the Bankruptcy Code. | $ 0.00 |

### Section II. Plan Payments and Commitment Period
*[If sections 2.01, 2.02, or 2.03 are blank, refer to the "Additional Provisions" below.]*

    **2.01**    **Payments from earnings.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis a portion of Debtor's future earnings. Debtor shall pay to Trustee the sum of $ __100.00__ each month. The monthly plan payment is subject to adjustment pursuant to section 3.10(d) below. Monthly plan payments must be received by Trustee not later than the 25th day of each month beginning the month after the petition is filed. The monthly plan payment includes all monthly contract installments due on Class 1 secured claims and adequate protection payments due on certain Class 2 secured claims, if any. □ Refer to "Additional Provisions" *[check if applicable]*

    **2.02.**    **Other payments.** In addition to the submission of future earnings, Debtor will make monthly payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: . □ Refer to "Additional Provisions" *[check if applicable]*

    **2.03.**    **Commitment period.** The monthly plan payments will continue for ____ months, the commitment period

Best Case Bankruptcy

of the plan. Monthly plan payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full over a shorter period of time. If necessary to complete this plan, Debtor may make monthly payments for up to 6 months beyond the commitment period, but in no event shall monthly payments continue for more than 60 months. ■ Refer to "Additional Provisions" *[check if applicable]*

## Section III. Claims and Expenses

### A. Proofs of Claim

**3.01.**   A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan.

**3.02.**   Notwithstanding section 3.01, monthly contract installments falling due after the filing of the petition shall be paid to holders of Class 1 and Class 4 claims whether or not they have filed proofs of claim or the plan is confirmed.

**3.03.**   Post-petition amounts due on account of domestic support obligations, loans from retirement or thrift savings plans of the types described in section 362(b)(19), and executory contracts and unexpired leases to be assumed shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**3.04.**   The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

### B. Administrative Expenses

**3.05.**   Trustee's fees. Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation but excluding direct payments on Class 4 claims.

**3.06.**   Fees of former chapter 7 trustee. Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the commitment period, each month for the duration of the plan.

**3.07.**   Administrative expenses. Except to the extent the court approves, and the claimant agrees to, a different treatment, and unless section 1326(b)(3)(B) is applicable, approved administrative expenses shall be paid in full through the plan.

**3.08.**   Debtor's attorney's fees. Debtor paid an attorney $ __879.00__ prior to the filing of the petition. Any additional fees the court may approve shall be paid in full through this plan. Debtor estimates that a further $ __2,621.00__ in attorney's fees will be incurred throughout this case.

### C. Secured Claims

**3.09.**   Class 1. Long-term secured claims that were delinquent when the petition was filed and mature after the last payment under the plan. This plan will cure all pre-petition arrears but not otherwise modify Class 1 claims. Each claimant will retain its existing lien and receive no less than the equal monthly amount specified below as its plan dividend. Trustee also shall pay all post-petition monthly contract installments falling due on each Class 1 claim.

| Class 1 Creditor's Name/ Collateral Description | Monthly Contract Installment | Monthly Late charge | Pre-petition Arrears | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**3.10.**   Monthly contract installments paid by Trustee on Class 1 claims. (a) If debtor makes a partial plan payment that is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor has listed Class 1 claims above. (b) Trustee will not make a partial payment on account of a monthly contract installment. (c) If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to pay timely a monthly contract installment due on a Class 1 claim, Debtor's cure of this default must be accompanied by the applicable late charge(s). (d) Upon their receipt, Debtor shall mail or deliver to Trustee all notices from Class 1 creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices

concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to Trustee, Debtor shall affix the chapter 13 case number to it. If any such notice advises Debtor that the amount of the contract installment payment has increased or decreased, the plan payment shall be adjusted accordingly.

**3.11.    Class 2. Secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.** Each Class 2 claim will be paid in full, retain its existing lien, and receive no less than the equal monthly amount specified below as its plan dividend. The amount of a Class 2 claim shall be the amount due under any contract between the Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and **(a)** was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of the Debtor, or **(b)** the claim was incurred within 1-year of the filing of the petition and is secured by any other thing of value.

| Class 2 Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Is Claim Subject to § 506(a)? Y/N | Claim Amount | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. Home Comings Financial / Residence: 2 story, 4 bedroom, three full bath, with swimming pool. 2900 Square Feet. Location: 5709 Tall Grass Way Elk Grove, CA 95758 | N | Y | 0.00 | 0.00% | 0.00 |

**3.12.    Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount proposed by this plan as the dividend for each Class 2 claim. Adequate protection payments shall be disbursed by Trustee in connection with his customary month end disbursement cycle beginning the month after the petition is filed. If a Class 2 claimant is paid a monthly adequate protection payment, that claimant shall not be paid a monthly dividend after confirmation for the same month.

**3.13.    Post-petition interest** shall accrue on Class 1 and 2 claims at the above rates. If the plan specifies a "0%" rate, no interest will accrue. However, if the provision for interest is left blank, interest at the rate of 10% per year will accrue.

**3.14.    Class 3. Secured claims satisfied by the surrender of collateral.** Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 3 secured claim to repossess, receive, take possession of, foreclose upon, and exercise its rights and judicial and nonjudicial remedies against its collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? Y/N |
|---|---|---|
| -NONE- | | |

**3.15.    Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 4 secured claim to exercise its rights against its collateral in the event of a default under the terms of its loan or security documentation provided this case is then pending under chapter 13.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1. Chase Manhattan Mortga | 2,407.00 | |
| 2. Disney Vacation Club/Development | 0.00 | |

**3.16.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

### D. Unsecured Claims

**3.17.    Class 5. Unsecured claims** entitled to priority pursuant to section 507 shall be paid in full except as provided in section 3.18.

| Class 5 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| -NONE- | | |

**3.18.**    If the holder of a priority claim has agreed to accept less than payment in full, or if this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the claim holder and the treatment proposed shall be included in the Additional Provisions below. The failure to provide a treatment for a priority claim that complies with sections 1322(a)(2) or 1322(a)(4) is a breach of this plan.

**3.19.    Class 6. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Class 6 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| -NONE- | | |

**3.20.    Class 7. General unsecured claims.** Claims not listed as Class 5 or 6 claims, and that are not secured by property belonging to Debtor, will receive no less than a __0__% dividend pursuant to this plan. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $__249,525.00__.

### Section IV. Executory Contracts And Unexpired Leases

**4.01.**    Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Unless a different treatment is required by section 365(b)(1) (which such treatment shall be set out in the Additional Provisions) any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 Claim.

**4.02.**    Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| -NONE- | | | |

### Section V. Payment of Claims and Order of Payment

**5.01.**    After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**5.02.    Distribution of plan payment.** Each month, the plan payments (see section 2.01 and 2.02) must equal at least the aggregate of: **(a)** Trustee's fees; **(b)** any monthly contract installments due on Class 1 claims; **(c)** $__87.37__ for administrative expenses described in section 3.06, 3.07, and 3.08, distributed between administrative claimants as specified in section 5.03; and **(d)** the monthly dividends specified above for Class 1 arrearage claims and Class 2 secured claims. To the extent the plan payments are not needed to pay contract installments on Class 1 claims, approved administrative expenses, Class 1 arrearage claims, or Class 2 secured claims, they shall be distributed on a pro rata basis first to Class 5 priority claims, second to holders of Class 6 unsecured claims, and third to Class 7 unsecured claims.

**5.03.**    **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 5.02 for administrative expenses of the types described in section 3.06, 3.07, and 3.08 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to section 3.06, then to holders of administrative expenses described in sections 3.07 and 3.08 on a pro rata basis.

**5.04.**    Distributions on account of a Class 1, 2, 5, 6, or 7 allowed claim will be based upon the claim as demanded in the proof of claim rather than as estimated and characterized by this plan except to the extent the disposition

of a claim objection, motion to value collateral, or lien avoidance motion requires otherwise.

### Section VI. Miscellaneous Provisions

**6.01.    Vesting of property.** Any property of the estate scheduled under section 521 shall *[choose one]* ☐ revest in Debtor on confirmation or ■ not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**6.02.    Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and General Order 05-03, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of the Debtor's financial or business affairs without first obtaining court authorization. Except as provided in sections 364 and 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with sections 1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by section 1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** Upon Trustee's request, Debtor shall provide Trustee with a copy of any tax return, W-2 form, and 1099 form filed or received while the case is pending, and furnish Trustee with quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** Debtor shall provide to Trustee not later than the 15 days after the filing of the petition with written notice of the name and address of each person to whom Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §§464 & 466], a wage order in the form requested by Trustee, and a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim.

**6.03.    Remedies on default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor holding a Class 1 or 2 secured claim to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further plan payments on account of such secured claim, any portion of the secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim, and any deficiency remaining after the disposition of the collateral shall be satisfied as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor and Trustee.

## Section VII.  Additional Provisions

**7.01.**    Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form shall not be altered. This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set out on a separate page and shall be identified by a section number (7.02, 7.03, etc.).

Payments into plan shall be as follows:
    **$100.00  per month for 36  months**

**7.02 Attorney fees shall be paid in months 1-30, unsecured creditors shall be paid beginning in month 30.**

**Regarding section 3.11- Class 2 Creditors.**
**Pursuant to In re Lam, 211 B.R. 36 (9th Cir. B.A.P 1997) and 11 U.S.C §506, Debtors are "Lien Stripping" the collateral (5709 Tall Grass Way, Elk Grove, CA) of GMAC 2nd Deed of Trust (hereinafter referred to as Secured Class 2 Creditor).  By "Lien Stripping" the Secured Class 2 Creditor's claim (lien), debtors are hereby treating the Secured Class 2 Creditor's secured claim (lien) as having a value of $0.00 and treating the remainder of Secured Class 2 Creditor's claim as a general unsecured claim.**
**Debtors' Chapter 13 Plan hereby REQUIRES Secured Class 2 Creditor to execute a Deed of Reconveyance in favor of the Debtors and/or reconvey proper title to the Debtors releasing any and all further interest Secured  Class 2 Creditor may otherwise have in the collateral once the Debtors complete their Chapter 13 Plan.  The avoidance of a Secured Class 2 Creditor's secured claim (lien) on the collateral is contingent upon the Debtors' completion of their Chapter 13 Plan.**

Dated: April 14, 2010                                       /s/ William Petersen _____
                                                           **William Petersen**
                                                           Debtor

                                                           /s/ Traci Petersen _____
                                                           **Traci Petersen**
                                                           Joint debtor

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - (800) 492-8037                                       Best Case Bankruptcy

**ATTACHMENT M-3**
Optional - Discard if not used
**MOTIONS TO VALUE COLLATERAL**
**(Pursuant to subsections (a) and (d) of 11 U.S.C. § 506**
**and Federal Rule of Bankruptcy Procedure 3012)**

**(A separate motion must be filed as to each creditor)**
**NUMBER OF MOTIONS TO VALUE COLLATERAL IN THIS PLAN   1**
**DOCKET CONTROL NUMBER ASSIGNED TO THIS MOTION TO VALUE COLLATERAL:  __**

---

**NOTICE IS HEREBY GIVEN** that Debtor requests the court to value the property described below.  This property secures the claim of the creditor named below.  Debtor also requests that the amount of the creditor's secured claim not exceed the value of its security, less the claims of creditors holding senior liens or security interests.  This determination will supercede any greater secured claim demanded in a proof of claim.  Any objections to the creditor's claim are reserved and will be filed after the creditor has filed a proof of claim.  In the opinion of the debtor, the collateral has the replacement value indicated below.

Name of the creditor whose collateral is being valued by this motion:

    **Home Comings Financial**

Total amount of this creditor's claim:                          **$  83,328.00**

Description of collateral [*For vehicles include the mileage on the date of the petition and a list of optional equipment.  For real property, state the street address and a brief description of it such as "single family residence" or "ten-acre undeveloped lot"*]:
    **Residence: 2 story, 4 bedroom, three full bath, with swimming pool.  2900 Square Feet.**
    **Location: 5709 Tall Grass Way**
    **Elk Grove, CA 95758**

The amount owed to and the name of all creditors holding liens or security interests senior to the lien or security interest of the above-named creditor:
    **Chase Manhattan Mortga - $315,626.00**
Debtor's opinion of the collateral's "replacement value" [as
defined and limited by section 506(a)(2)]:              **$  275,000.00**

Other information relevant to the resolution of this motion:

I (we) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   **April 14, 2010**                   **/s/ William Petersen**
                                            **William Petersen**
                                            **Debtor**

                                            **/s/ Traci Petersen**
                                            **Traci Petersen**
                                            **Joint Debtor**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com            Best Case Bankruptcy

2

Peter Cianchetta , SBN: 220971
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624-1811
Tel: 916-685-7878

Attorney for Debtors:
WILLIAM  PETERSEN & TRACI  PETERSEN

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WILLIAM  PETERSEN<br><br>TRACI  PETERSEN<br><br>,Debtors | Case No.: 2010-29116<br><br>Mtn. Ctrl. No. PLC-01<br>Hearing Date: July 20, 2010<br>Time: 9:32 AM<br>The Honorable Thomas C. Holman<br>Courtroom 32 - Dept B |

## NOTICE OF MOTION TO CONFIRM

## FIRST AMENDED CHAPTER 13 PLAN

TO: THE CHAPTER 13 TRUSTEE, JAN P. JOHNSON, TRUSTEE; THE UNITED

STATES TRUSTEE; AND TO ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that on July 20, 2010, at 9:32 AM, or as soon thereafter as

the matter may be heard, in Courtroom 32 - Debt B of the U.S. Bankruptcy Court, Eastern

District of California, William  Petersen and Traci  Petersen, the Debtors herein, by and

through the Debtors' attorney of record will move the Court for an Order Confirming First

Amended Chapter 13 Plan.  The Hearing will be conducted at:

US Bankruptcy Court

501 I Street - Suite 3-100

Sacramento, CA 95814

1   Said motion will be supported by this notice of motion, by the motion filed herewith, by

2   the pleadings and papers on file in this bankruptcy case, by the declaration in support of this

3   motion and exhibits, if any, filed herewith, and by such oral and documentary evidence as

4   the Court may permit upon the hearing of this motion.

5   **PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9014-

6   1(f)(1)(ii), written opposition to this motion must be served and filed with the court at least

7   fourteen (14) calendar days preceding the date or continued date of the hearing.  Failure to

8   file timely written opposition to this motion may result in the motion being resolved without

9   oral argument and the striking of untimely written opposition.   The last day to file written

10  opposition is July 6, 2010.

11

12

13  DATED:  June 3,2010

14

15

16  Peter Cianchetta , Esq
    Law Office of Peter Cianchetta

17

18

19

20

21

22

23

24

25

26

27

28

2

Peter Cianchetta , SBN: 220971
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624-1811
Tel: 916-685-7878

Attorney for Debtors:
WILLIAM  PETERSEN & TRACI  PETERSEN

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WILLIAM  PETERSEN<br><br>TRACI  PETERSEN<br><br>                    ,Debtors | Case No.: 2010-29116<br><br>Mtn. Ctrl. No. PLC-01<br>Hearing Date: July 20, 2010<br>Time: 9:32 AM<br>The Honorable Thomas C. Holman<br>Courtroom 32 - Dept B |

## MOTION TO CONFIRM

## FIRST AMENDED CHAPTER 13 PLAN

WILLIAM . PETERSEN and TRACI   PETERSEN, the debtors and petitioners

herein, hereby move this Court for an Order Confirming first Amended Chapter 13 Plan.  In

support of this Motion, the Debtors respectfully represent:

1. The Petitioners are the Debtors in Chapter 13 in the above-captioned bankruptcy case,

having filed a petition for relief on April 9, 2010.  Jan P. Johnson, Trustee has been duly

appointed to serve as the Chapter 13 Trustee on this case.

2. Pursuant to Title 11, US Codes §341, a Meeting of Creditors was conducted by the

Chapter 13 Trustee on May 27, 2010 .  The Trustee has since concluded this meeting.

3. A Chapter 13 Plan was originally filed on April 9, 2010.  A true and correct copy of the first Amended Plan was most recently filed on April 14, 2010.  The Plan was amended change the number of months of the plan life.

4. The first Amended Plan has been proposed in good faith.

5. The first Amended Plan proposes to pay the allowed unsecured claims an amount not less than they would have been paid if the estate of the Debtors was liquidated under the provisions of Title 11, US Codes, Chapter 7.

6. The Debtors have made all payments to the Trustee pursuant to the provisions of the first Amended Plan.

7. The Debtors have no Domestic Support Obligations, as defined.

8. Pursuant to 11 US Codes §1308, the Debtors have filed all applicable Federal, State and Local tax returns.

### RESTATEMENT

WHEREFORE, the Debtors request the Court to confirm the first Amended Chapter 13 Plan.

### CERTIFICATION

I, Peter Cianchetta , hereby certify under penalty of perjury that I have read the foregoing Motion to Confirm First Amended Chapter 13 Plan.  I further certify that the contents thereof are true and correct to the best of my knowledge and belief.  Executed on June 3, 2010.


Peter Cianchetta
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624-1811

-2-

2

Peter Cianchetta , SBN: 220971
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624-1811
Tel: 916-685-7878

Attorney for Debtors:
WILLIAM PETERSEN & TRACI PETERSEN

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                         Case No.: 2010-29116

WILLIAM PETERSEN                               Mtn. Ctrl. No. PLC-01
                                               Hearing Date: July 20, 2010
TRACI PETERSEN                                 Time: 9:32 AM
                                               The Honorable Thomas C. Holman
                              ,Debtors         Courtroom 32 - Dept B

## JOINT DECLARATION IN SUPPORT OF MOTION TO

## CONFIRM FIRST AMENDED PLAN

We, William Petersen and Traci Petersen, the Debtors herein declare:

1. The matters as set forth in this declaration are true of our own knowledge; and, if called

   upon to do so, we could and would competently testify to them.

2. We are each Debtors in the above-entitled Bankruptcy case.

3. Pursuant to the provisions of our first Amended Chapter 13 Plan

   a. The Plan complies with all applicable laws.

   b. Any fees or charges required by the Court have been paid in full.

   c. The First Amended Chapter 13 Plan is proposed in good faith and not by any means

      forbidden by law.

-1-

d.  All allowed unsecured claims will receive at least as much as they would have received had the Bankruptcy estate been liquidated under the provisions of Chapter 7 of Title 11 US Codes.

e.  All secured creditors provided for by the First Amended Chapter 13 Plan have either accepted the Plan or we have provided for the surrender of property securing their claims.

f.   The First Amended Chapter 13 Plan provides to pay the creditors pursuant to the provisions of 11 US Codes §1325(a)(5)(B).

g.  We will be able to make the payments under the terms of the First Amended Chapter 13 Plan and comply with the plan according to the amended Schedules I & J.

h.  Our petition was filed in good faith.

i.  As shown in our Bankruptcy Schedules, there are no Domestic Support Obligations, as defined.

j.  We have filed all tax returns that have been required to be filed.

4.  The Chapter 13 Plan was amended change the number of months of the plan life.. We therefore join with our attorney in moving this Court to Confirm our Plan.

CERTIFICATION

We, William Petersen and Traci Petersen, hereby certify under penalty of perjury that we have read the foregoing Joint Declaration In Support of Motion to Confirm First Amended Plan. We further certify that the contents thereof are true and correct to the best of our knowledge and belief. Executed at Elk Grove CA on June 3, 2010.

William Petersen

Traci Petersen

-2-

2

Peter Cianchetta , SBN: 220971
Law Office of Peter Cianchetta
8830 Elk Grove Blvd.
Elk Grove, CA 95624-1811
Tel: 916-685-7878

Attorney for Debtors:
WILLIAM PETERSEN & TRACI PETERSEN

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

WILLIAM PETERSEN

TRACI PETERSEN

,Debtors

Case No.: 2010-29116

Mtn. Ctrl. No. PLC-01
Hearing Date: July 20, 2010
Time: 9:32 AM
The Honorable Thomas C. Holman
Courtroom 32 - Dept B

## PROOF OF SERVICE BY MAIL

I, Kelly Hammonds, hereby declare that I am a citizen of the United States and a resident of

the Eastern District of California, over the age of eighteen (18) years, and not a party to the

within action. On June 3, 2010, I served by regular U.S. mail the following documents (a)

Amended Plan (b) Notice of Motion to Confirm First Amended Plan, (c) Motion to Confirm

First Amended Plan, and (d) Joint Declaration In Support of Motion to Confirm First

Amended Plan on the parties listed herein below by placing a true and correct copy thereof

in a sealed envelope with postage thereon fully prepaid, in the United States mail,

addressed as shown on the attached page(s).  I, Kelly Hammonds, declare under penalty

of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 3, 2010, at 8830 Elk Grove Blvd., Elk Grove, CA 95624-1811.

Kelly Hammonds

Label Matrix for local noticing
0972-2
Case 10-29116
Eastern District of California
Sacramento
Tue Apr 27 14:58:18 PDT 2010

American Express Travel Related Services Co,
Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Bank Of America
Po Box 17054
Wilmington DE 19850-7054

CR Evergreen, LLC
MS 550
PO Box 91121
Seattle WA 98111-9221

Capital 1 Bank
Attn C O TSYS Debt Management
Po Box 5155
Norcross GA 30091-5155

Chase
Po Box 15298
Wilmington DE 19850-5298

Chase Manhattan Mortga
10790 Rancho Bernardo Rd
San Diego CA 92127-5705

Peter L. Cianchetta
8830 Elk Grove Blvd
Elk Grove, CA 95624-1811

Citibank Usa
Attn Centralized Bankruptcy
Po Box 20507
Kansas City MO 64195-0507

County of Sacramento
10669 Coloma Road
Rancho Cordova CA 95670-4001

Disney Vacation Club Development
200 Celebration Place
Celebration FL 34747-5483

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

GMAC Mortgage, LLC
c/o Jacque A. Gruber
4375 Jutland Dr #200
PO Box 17933
San Diego, CA 92177-7921

Jacque A. Gruber
4375 Jutland Drive #200
PO Box 17933
San Diego, CA 92177-7921

Thomas Holman
Sacramento Division
U.S. Bankruptcy Court
501 I Street, Suite 3-200
Sacramento, CA 95814-7303

Home Comings Financial
Attention Bankruptcy Dept
1100 Virginia Drive
Fort Washington PA 19034-3204

Jan P. Johnson
PO Box 1708
Sacramento, CA 95812-1708

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814-7304

Traci Petersen
5709 Tall Grass Way
Elk Grove, CA 95758-6859

William Petersen
5709 Tall Grass Way
Elk Grove, CA 95758-6859

Shedrick O Davis
JP Morgan Chase Legal Department
300 S Grand Ave
Los Angeles CA 90071-3109

End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20